## In the Matter of the WELFARE OF B.M.L., Child.

### No. C1–96–345.

Court of Appeals of Minnesota.

Sept. 17, 1996.

John M. Stuart, State Public Defender, Dwayne Bryan, Asst. State Public Defender, Minneapolis, for Appellant child.

Gregory D. Larson, Hubbard County Attorney, Park Rapids, for Respondent.

Considered and decided by HUSPENI, P.J., and RANDALL and AMUNDSON, JJ.

## OPINION

HUSPENI, Judge.

The district court granted a petition that appellant be adjudicated delinquent based on its finding that the petitioner had made a prima facie showing that appellant violated Minn.Stat. § 609.3451, subd. 1 (1994). Appellant seeks a new trial on the grounds that the use of the prima facie standard was plain error affecting his substantial rights. We agree, and reverse and remand for a new trial.

## FACTS

Appellant, then aged 15, allegedly entered the room where H.Y., aged 17, was sleeping and touched her breasts over her clothes. She awoke and ordered him to leave the room, which he did. H.Y. later reported the incident. Appellant was charged with one count of criminal sexual assault in the fifth degree in violation of Minn.Stat. § 609.3451, subd. 1, and a petition was filed to adjudicate him delinquent.

Following a bench trial, the district court found:

> That the petitioner [had] proved a prima facie showing that [appellant] violated Minn.Stat. § 609.3451, Subd. 1 and the Court does find that [appellant] is guilty of

a violation of Minn.Stat. § 609.3451, Subd. 1.

The court granted the petition for delinquency and adopted the recommended disposition that appellant be placed on supervised probation, complete 40 hours of community service, complete a psychological sex offender evaluation, comply with DNA testing as per statute, register as a sex offender as per statute, have no further offenses, and have no contact with the victim. No objection was made to the district court's findings.

## ISSUE

Is the use of the prima facie standard for an adjudication of delinquency plain error that can be remedied only by a new trial?

## ANALYSIS

■ "[A]llegations in the delinquency * * * petition must be proved beyond a reasonable doubt." Minn. R. Juv. P. 27.05; *see In Re Winship,* 397 U.S. 358, 368, 90 S.Ct. 1068, 1075, 25 L.Ed.2d 368 (1970). Failure to object to the use of the incorrect standard does not prevent that use from being plain error if the use seriously affects substantial rights. *See State v. Parker,* 417 N.W.2d 643, 647 (Minn.1988) (citing *United States v. Young,* 470 U.S. 1, 16 n. 14, 105 S.Ct. 1038, 1047 n. 14, 84 L.Ed.2d 1 (1985)).

■ Appellant argues that his substantial right to be adjudicated delinquent only if found to have violated the statute beyond a reasonable doubt was violated by the district court's finding that the petitioner had shown only a prima facie case of statutory violation. Respondent state [1] contends that "[i]t is clear the case needs simply to be sent back to the trial court for the proper finding." We agree with appellant that use of the prima facie standard, although not objected to, was plain error seriously affecting appellant's substantial rights.

The use of the reasonable doubt standard in juvenile proceedings was addressed and unequivocally resolved in *Winship.*

We turn to the question whether juveniles, like adults, are constitutionally entitled to proof beyond a reasonable doubt when they are charged with violation of a criminal law. The same considerations that demand extreme caution in factfinding to protect the innocent adult apply as well to the innocent child.

*Id.* at 365, 90 S.Ct. at 1073. *Winship* rejected the New York Court of Appeals' reasoning that because juvenile proceedings were designed "not to punish but to save the child," *id.,* and because adjudication of delinquency "is not a 'conviction' * * * and a cloak of protective confidentiality is thrown around all the proceedings," *id.,* a preponderance of the evidence standard is appropriate for delinquency adjudications.

In sum, the constitutional safeguard of proof beyond a reasonable doubt is as much required during the adjudicatory stage of a delinquency proceeding as are those constitutional safeguards applied in *[Application of] Gault,* [387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967)] * * *.

*Id.* at 368, 90 S.Ct. at 1075.

*Gault* specifically rejected the view that depriving juveniles of due process is appropriate under the parens patriae doctrine, 387 U.S. at 17–20, 87 S.Ct. at 1438–39, and sought to establish "the precise impact of the due process requirement upon [delinquency adjudication] proceedings." *Id.* at 13–14, 87 S.Ct. at 1436. *Gault* held that a juvenile was entitled to the protection of due process, including specifically the right to notice of the charges, *id.* at 33–34, 87 S.Ct. at 1446–67, to counsel, *id.* at 41, 87 S.Ct. at 1451, to confrontation and cross-examination and to the privilege against self-incrimination, *id.* at 56–57, 87 S.Ct. at 1458–59, and to appellate review and a transcript of the proceedings, *id.* at 58, 87 S.Ct. at 1460.

The trial court in this case heard conflicting testimony from appellant and the alleged victim and applied the prima facie standard of proof to that conflicting testimony. We cannot remedy the violation of appellant's constitutional rights merely by remanding this case for a "proper finding." A new trial utilizing the proper standard of proof is required.

1. The state did not submit a formal brief, but did file a letter with the clerk of appellate courts.

## DECISION

The district court adjudicated appellant delinquent based on a finding of a prima facie showing, not on a finding of proof beyond a reasonable doubt. Because this error seriously affected appellant's substantial rights, we reverse and remand for a new trial.

**Reversed and remanded.**